# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GALVAN, | 1:09-cv-01709-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (Doc. 3.)

Petitioner filed the instant petition for writ of habeas corpus on September 29, 2009. (Court Doc. 1.)

**DISCUSSION**

A. <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not

be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Cognizable Claim

Petitioner raises the sole claim his plea agreement has been violated by the Parole Board's failure to release him on parole after serving 19 years of imprisonment.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Petitioner's claim that the plea agreement he entered into in his underlying conviction was violated, is not cognizable and is without merit. First, any challenge to the underlying conviction must be made in a separate petition. Second, the challenge is untimely since his conviction became final almost twenty years ago. Third and finally, there is no merit to the claim. As stated by the Fresno County Superior Court,

> [A]ccording to the court record in the underlying criminal case, petitioner pled to a term of 15 years to life for second-degree murder, plus three years for assault, plus one year for use of a deadly weapon. (See Fresno County Superior Court case no. 422420-9.)  Thus, because petitioner's term is an indeterminate

sentence of 19 years to life, he is not entitled to be released after nineteen years. Instead, petitioner can only be released after the Board of Parole Hearings determines that he is eligible for parole. The fact that the State has not yet released petitioner is not a violation of the plea agreement because petitioner never agreed to a determinate term of 19 years. Therefore, the petition fails to state a prima facie case for relief.

(Petition at 11-12[1].)

In addition, the California Court of Appeal, Fifth Appellate District denied Petitioner's claim stating:

> The transcript of petitioner's change of plea hearing reflects petitioner agreed to a sentence of 19 years to life pursuant to his plea bargain. The abstract of judgment reflects petitioner was sentenced accordingly.

(Petition, at 8.)

Thus, as noted above the sentence Petitioner was given has a maximum term of life, so he never agreed to a determinate term of 19 years and the State could not and has not violated his underlying plea agreement.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. This petition must is DISMISSED in its entirety; and,

2. The Clerk of Court shall terminate this action.


IT IS SO ORDERED.

Dated:   **October 20, 2009**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner did not label his attachments, the Court refers to the pages numbers as reflected in the Court's Case Management Electronic Filing System.